IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANGELLA COHEN,<br><br>    Plaintiff,<br><br>  v.<br><br>SGT. WILLIAM WEST, INV. JOHN MORRIS, and EFFINGHAM COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | CIVIL ACTION NO.: 4:25-cv-173 |

**O R D E R**

Plaintiff filed a Motion for Reconsideration and a second Motion for Appointment of Counsel. Doc. 16. Plaintiff asks the Court to reconsider its September 23, 2025 Order denying her motion for appointment of counsel, doc. 12. Id. Plaintiff states Defendants' counsel allegedly interfered with her ability to retain counsel and she faces systemic disadvantages in receiving filings. Id. at 2. Plaintiff contends these are newly discovered facts entitling her to reconsideration. Plaintiff again asks the Court to appoint counsel to represent her. Defendants filed a Response. Doc. 17.

A motion for reconsideration, or a Federal Rule of Civil Procedure 59(e) motion, is "an extraordinary remedy, to be employed sparingly." Smith ex rel. Smith v. Augusta-Richmond County, No. CV 110-126, 2012 WL 1355575, at *1 (S.D. Ga. Apr. 18, 2012) (internal citation omitted). "A movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Id. (internal citation omitted). "The only grounds for granting a Rule 59 motion are newly[]discovered evidence or manifest errors of law or fact." Jacobs v. Tempur-Pedic Intern., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (quoting In re

Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999) (internal punctuation omitted)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument[,] or present evidence that could have been raised prior to the entry of judgment." Id. (quoting Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (alterations omitted)).

The Court discerns no reason to grant Plaintiff's Motion for Reconsideration and **DENIES** Plaintiff's Motion in its entirety. Doc. 16. Plaintiff presents no newly discovered evidence that convinces the Court to reconsider the decision to deny her first motion for appointment of counsel.[1] In addition, Plaintiff makes no showing that the Court made a manifest error of law or fact with its ruling. While the Court acknowledges Plaintiff's concerns about her ability to litigate this cause of action, she has not presented anything in her present Motion showing the need for the appointment of counsel. Pro se parties appear before the Court daily—without access to electronic filings or formal legal training—and are able to litigate effectively before this Court. Further, the Court has provided the parties with instructions on how to proceed with discovery processes and with a schedule for deadlines. Docs. 4, 15.

**SO ORDERED**, this 24th day of October, 2025.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiff's allegation that Defendant's counsel somehow engaged in improper conduct is not well taken. The record demonstrates Plaintiff asked Defendants' counsel to contact Plaintiff's prospective counsel. Defendants' counsel did just that. Plaintiff then merely speculates about "[w]hatever was said" during that conversation and then assumes something Defendants' counsel said dissuaded the prospective attorney from accepting the engagement. Plaintiff should avoid making specious allegations like this in the future.

2