# In the United States District Court
## for the Southern District of Georgia
## Savannah Division

ANGELLA COHEN,

     Plaintiff,

     v.

SGT. WILLIAM WEST, et al.,

     Defendants.

CV 4:25-173

### ORDER

Before the Court is Plaintiff Angella Cohen's Motion to Rescind Stipulation of Dismissal, dkt. no. 33, and Defendant Sergeant William West's response in opposition, dkt. no. 34. For the reasons below, Plaintiff's motion is **DISMISSED**.

### BACKGROUND

In July 2025, Plaintiff, proceeding *pro se*, brought this civil rights action against Sergeant William West and others, alleging she was wrongfully arrested on May 4, 2024. See Dkt. No. 1. On March 23, 2026, after months of litigation, the Magistrate Judge conducted a conference to discuss the parties' discovery disputes. Dkt. No. 27. The Court's minute entry reflects that, during the conference, Plaintiff stated on the record that she stipulates she is not seeking damages and requests an apology from Sergeant West. Id. at 2. At that time, the Court ended the discovery conference and proceeded with Court-assisted mediation. Id. The Court's

minute entry from the mediation indicates the parties reached a settlement.  Dkt. No. 28.  The minute entry provides:  "Court will stay case for 30 days pending the filing of stipulation of dismissal.  Court will set follow up status call 30 days out.  If stipulation of dismissal is filed prior to the date of the call, the Court will cancel the call."  Id.  On April 7, 2026, a stipulation of dismissal bearing the electronic signatures of Plaintiff and Defense Counsel was filed, indicating the parties stipulated to the dismissal of the case with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).  Dkt. No. 29.  The following day, the Court issued an order acknowledging the dismissal and closing the case.  Dkt. No. 32.  Then, on April 21, 2026, Plaintiff filed the instant Motion to Rescind Stipulation of Dismissal.  Dkt. No. 33.

## LEGAL AUTHORITY

"[T]he plain language of Rule 41(a)(1)(A)(ii) requires that a stipulation filed pursuant to that subsection is self-executing and dismisses the case upon its becoming effective."  Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278 (11th Cir. 2012).  "The stipulation becomes effective upon filing unless it explicitly conditions its effectiveness on a subsequent occurrence."  Id.  "District courts need not and may not take action after the stipulation becomes effective because the stipulation dismisses the case and divests the district court of

2

jurisdiction." Id. (citing SmallBizPros, Inc. v. MacDonald, 618 F.3d 458, 464 (5th Cir. 2010)).

Rule 41(a)(1)(A)(ii) "allows a district court to retain jurisdiction through an order, even if the parties dismiss the case through use of Rule 41(a)(1)(A)(ii), so long as the parties agree to the retention of jurisdiction." Id. at 1280. "Because a court has no power to enter orders after a Rule 41(a)(1)(A)(ii) stipulation becomes effective, however, the court must enter the order retaining jurisdiction before the stipulation becomes effective." Id. The Eleventh Circuit has held that, "for a district court to retain jurisdiction over a settlement agreement where the parties dismiss the case by filing a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii), either (1) the district court must issue the order retaining jurisdiction under Kokkonen prior to the filing of the stipulation, or (2) the parties must condition the effectiveness of the stipulation on the district court's entry of an order retaining jurisdiction." Id.

**DISCUSSION**

In her motion, Plaintiff states that she understood the parties' settlement agreement to include that Sergeant West "would provide a direct apology, and that such acknowledgment would be documented in writing or transcribed." Dkt. No. 33 at 1. Plaintiff states that no such apology has been provided and, therefore, she seeks to "rescind the dismissal and reinstate the

case." Id. She contends that her motion is "timely" because it was "filed within 30 days of dismissal." Id.

## I.  The Court is Divested of Jurisdiction

The Court no longer has jurisdiction over this matter. The parties' stipulation of dismissal was "self-executing and dismisse[d] the case upon its becoming effective." Anago Franchising, Inc., 677 F.3d at 1278. At that time, the Court was divested of jurisdiction. Id. Further, the Court did not retain jurisdiction over the matter because it did not (1) "issue [an] order retaining jurisdiction under Kokkonen prior to the filing of the stipulation," and (2) the parties did not "condition the effectiveness of the stipulation on the [Court's] entry of an order retaining jurisdiction." Id. at 1280. Therefore, Plaintiff's motion is not properly before the Court and must be **DISMISSED**.

## II.  Plaintiff's Timeliness Argument Fails

Finally, Plaintiff's timeliness argument—that her motion is timely because it was filed within thirty days of the stipulation of dismissal—is misplaced. The Court's minute entry following the parties' mediation states: "Court will stay case for 30 days pending the filing of stipulation of dismissal. Court will set follow up status call 30 days out. If stipulation of dismissal is filed prior to the date of the call, the Court will cancel the call." Dkt. No. 28. This means that, though the parties reached a settlement in principle, Plaintiff had thirty days within which to change her mind before the Court proceeded with the case.

4

Nothing in the minute entry reflects that Plaintiff could change her mind within thirty days after a stipulation of dismissal was filed.  As stated above, the Court was divested of jurisdiction upon the parties' filing of the stipulation of dismissal.

## CONCLUSION

Because the parties' stipulation of dismissal divested the Court of jurisdiction, and the Court did not retain jurisdiction to enforce the settlement agreement, Plaintiff's motion to rescind the stipulation of dismissal, dkt. no. 33, is **DISMISSED**.  This case remains closed.

**SO ORDERED**, this 27th day of May, 2026.


_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA